IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRA MARIE YOUNG, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> CAROLYN W. COLVIN, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 15-103 |

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (Docket No. 7) and granting Defendant's Motion for Summary Judgment. (Docket No. 9).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed her application for benefits alleging she had been disabled since April 1, 2013. (Docket No. 5-7, p. 4). Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on November 19, 2014. (Docket No. 5-3). On December 10, 2014, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 5-2, pp 15-31). After exhausting all administrative remedies thereafter, Plaintiff filed this action.

1

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  The ALJ's Assessment of Plaintiff's Physical Condition and Traumatic Brain Injury (TBI)

Plaintiff first alleges that the ALJ erred in his assessment of her physical condition and her TBI.[1]  (ECF No. 8, pp. 9-12).  Specifically, Plaintiff asserts that the ALJ failed to understand and credit her "worsening" condition.  (ECF No. 8, p. 11).  Plaintiff's entire argument in support is, basically, that that there is evidence that her condition was worsening.  (ECF No. 8, pp. 10-12).  The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Thus, the support for Plaintiff's argument is entirely misplaced.  Nonetheless, I have reviewed the record and based on the same, I find that the ALJ appropriately considered

---

[1] I note that the mere existence of a diagnosis does not mean there is a limitation.

the evidence of record and that there is substantial evidence of record to support the ALJ's consideration and determination regarding Plaintiff's physical condition and TBI. (ECF No. 5-2, pp. 15-31). Consequently, I find no error in this regard.

## C. The ALJ's Assessment of Plaintiff's Mental Health Condition

Plaintiff next argues that the ALJ erred in assessing her mental health impairment. (ECF No. 8, pp. 12-17). In support of the same, Plaintiff argues that the ALJ improperly considered Plaintiff's activities of daily living and improperly rejected the opinion of Plaintiff's social worker, Ms. Muczynski.[2] *Id.* After a review of the record, I disagree.

With regard to activities of daily living, Plaintiff argues that the ALJ's consideration of Plaintiff's work history and her lifestyle was unfair because they are "in no way, a measure of ability to sustain SGA on a consistent basis." (ECF No. 8, p. 12). Contrary to Plaintiff's position, an ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living when assessing the credibility of an individual's statements. *See,* Social Security Ruling 96-7p and 20 C.F.R. §§404.1529, 416.929. In this case, the ALJ did exactly that. (ECF No. 5-2, pp. 17-30). Furthermore, I have reviewed the record and find that there is substantial evidence of record to support the ALJ's assessment of her activities of daily living. *Id.* Thus, I find no error in the ALJ's consideration of Plaintiff's activities of daily living.

With regard to Ms. Muczynski, Plaintiff submits that the ALJ erred in rejecting her opinion on the basis that she was a "non-medical opinion"[3] and that her opinion was not supported by substantial evidence. (ECF No. 8, pp. 13-17). After a review of the record, I disagree. Ms. Muczynski, Plaintiff's therapist, is a licensed social worker. (ECF No. 5-2, p. 21). As a licensed

---

[2] In support of her argument, Plaintiff also argues that that there is evidence to support her position that her mental health condition was disabling. (ECF No. 8, pp. 10-12). The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is misplaced.

[3] The ALJ used the term "non-medical opinion" as opposed to the term non-accepted medical opinion. (ECF No. 5-2, p. 22). I find no harm in this.

4

social worker, Ms. Muczynski is an "other source" rather than an acceptable medical source. SSR 06-3p. Information from "other sources" such as Ms. Muczynski cannot establish impairment, but can provide insight into the severity of the impairment and how it affects the individual's ability to function. *Id.* Thus, an ALJ is required to consider the same.

In this case, the ALJ thoroughly considered Ms. Muczynski's opinion. (ECF No. 5-2, pp. 17-31). Furthermore, he gave Ms. Muczynski's opinion little weight, not because she was a non-accepted medical source[4] but because he found it was not supported by the evidence. (ECF No. 5-2, p. 22). After a review of the record, I find the reasons given by the ALJ in weighing the opinion of Ms. Muczynski to be appropriate (internally inconsistent and inconsistent with other evidence of record), sufficiently explained and supported by substantial evidence. (ECF No. 5-2, pp. 17-31). Therefore, I find no error in this regard on the part of the ALJ.

### D. <u>Severe Impairments</u>

Plaintiff argues that the ALJ erred in failing to find her RSD, complex regional pain syndrome and sciatic conditions to be severe and, as such, erred in formulating Plaintiff's RFC. (ECF No. 8, pp. 17-18). After a review of the record, I disagree.

At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c), §404.1521(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §404.1520(a).

In this case, the ALJ found that Plaintiff had the following severe impairments: history of traumatic brain injury with neck and back pain, migraine headaches, reduced sensation in the

---

[4] The ALJ used the term merely as an adjective to describe Ms. Muczynski and not as a reason to reject her opinion. (ECF No. 5-2, p. 22).

5

right leg, obesity, hypertension, depression, anxiety, adjustment disorder, and post-traumatic stress disorder. (ECF No. 5-2, p. 17). The ALJ then discussed the non-severe impairments. (ECF No. 5-2, pp. 17-19). Thereafter, the ALJ proceeded to the next steps. *Id.* Although the ALJ did not find the Plaintiff's RSD, complex regional pain syndrome and sciatic conditions to be severe, he did find other impairments to be severe at step 2. (ECF No. 5-2, p. 17-19). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2.

In so doing, the ALJ acknowledged that in making the RFC determination he was to consider all impairments, including any impairment that is not severe. (ECF No. 5-2, p. 23). Consequently, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and determining Plaintiff's RCF. (ECF No. 5-2, pp. 23-31). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

### E. Residual Functional Capacity (RFC)[5] and Vocational Expert

Finally, Plaintiff submits that the ALJ's RFC and hypothetical questions to the vocational expert do not include all of her limitations. (ECF No. 8, pp. 18-19). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). As set forth above, the ALJ properly gave Ms. Muczynski's opinion little weight and properly evaluated the evidence. Based on my review of the record, there is

---

[5] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §§416.945; 404.1527.

6

substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 5-2, pp. 17-31). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRA MARIE YOUNG,     )
                                            )
        Plaintiff,     )
                                            )
  -vs-     )          Civil Action No.   15-103
                                            )
CAROLYN W. COLVIN,     )
COMMISSIONER OF SOCIAL SECURITY,     )
                                            )
        Defendant.     )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

THEREFORE, this 1st day of March, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

                                          BY THE COURT:

                                          s/   Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge